IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGINA T. HENDRIX SMITH,<br>    Plaintiff,<br><br>           v.<br><br>J.P. MORGAN CHASE BANK and BANK OF AMERICA, N.A.,<br>    Defendants. | Civil Action No.<br>1:22-cv-05116-SDG |

### OPINON & ORDER

This matter is before the Court on a frivolity review of Plaintiff Edgina T. Hendrix Smith's Complaint [ECF 4] pursuant to 28 U.S.C. § 1915(e)(2)(B), as well as her Emergency Motion for a Temporary Restraining Order (the Emergency Motion) [ECF 5]. For the following reasons, the Emergency Motion is **DENIED**, and the case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

### I.   BACKGROUND

Plaintiff, appearing *pro se*, seeks an injunction to forestall the foreclosure of real property located at 3855 Yosemite Park Lane, Snellville, Georgia 30039.[1] This is not the first time Plaintiff seeks such relief, as United States Magistrate Judge John K. Larkins, III noted in his order granting Plaintiff's request to proceed *in*

---

[1]   ECF 4, at 1; ECF 5, at 1.

*forma pauperis*.² Plaintiff acknowledges that this case has been litigated in one court or another since 2017, most recently in Gwinnett County Superior Court.³ Indeed, Plaintiff is a serial filer whose claims are regularly dismissed as frivolous.⁴

This time around, Plaintiff alleges that "someone at the law firm representing Chase Bank" impersonated her and she was contacted about a COVID-19 pandemic relief program to assist homeowners in paying their mortgages.⁵ She further alleges that, though she requested information about the relief program, she never received it.⁶ Sometime thereafter, she "noticed [her]

---

² ECF 3, at 1 n.1. (citing *Smith v. Barrett, Daffin, Frappier, Turner, & Engel, LLP*, No. 1:21-cv-1302-SCJ (N.D. Ga.) (ECFs 20, 26) (dismissing as frivolous Plaintiff's complaint alleging that Defendant Bank of America, N.A. attempted to fraudulently foreclose upon her real property at Yosemite Park Lane); *Smith v. JP Morgan Chase*, No. 1:20-cv-1980-SDG (N.D. Ga.) (ECFs 5, 12) (dismissing as frivolous Plaintiff's complaint alleging similar claims against Defendants J.P. Morgan Chase Bank and Bank of America, N.A.), *aff'd*, *Hendrix-Smith v. JP Morgan Chase Bank N.A.*, 2021 WL 4059784, at *1 (11th Cir. Sept. 7, 2021)).

³ ECF 5, at 1.

⁴ *See* ECF 3, at 1 n.1 (citing, among other unreported cases, *Hendrix Smith v. Carmax Auto Superstores, Inc.*, 2021 WL 1931038, at *1 (N.D. Ga. Mar. 30, 2021) (dismissing as frivolous a third case filed by Plaintiff against Carmax arising from her inability to purchase a car there), *appeal dismissed*, 2022 WL 16646811 (11th Cir. May 26, 2022)) *see also Hendrix-Smith v. Santander Consumer USA*, 2021 WL 1963798, at *1 (S.D. Fla. May 17, 2021) (adopting report and recommendation and dismissing Fair Credit Reporting Act, Federal Trade Commission Act, and Fair Debt Collection Practices Act claims).

⁵ ECF 1, at 1.

⁶ *Id.*

credit [r]eport changed [and] that [she] was caught up [on her mortgage payments] and [her] credit had improved]." However, Plaintiff acknowledges that her home was foreclosed by December 5, 2022, and she concedes that she had neither made payments on her mortgage through November 2022 nor modified her mortgage as her credit report allegedly reflects.[7]

Despite these concessions, on December 29, 2022, Plaintiff moved *ex parte* for a temporary restraining order, arguing that "[Defendants] are attempting to steal [her] home"[8] despite the fact that her "one and only lender is Sun America d/b/a Sun Trust" (Sun Trust).[9] Because the foreclosure sale will allegedly take place on January 2, 2023, she requests this injunctive relief on an emergency basis.

## II. Discussion

### A. Plaintiff Is Not Entitled to Injunctive Relief.

On the facts and argument presented, Plaintiff is not entitled to an *ex parte* emergency injunction. Federal Rule of Civil Procedure 65(b)(1) outlines two conditions that a plaintiff must satisfy to receive temporary injunctive relief *ex parte*—that is, without written or oral notice to the party adverse to the plaintiff.

---

[7] *Id.*

[8] ECF 4-1, at 1.

[9] ECF 5, at 2.

First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* 65(b)(1)(B).

Setting aside the fact that the Complaint in this case is unverified, which is enough to deny Plaintiff's motion, and assuming for the sake of argument that the facts in the Complaint are sufficient to show that she stands to suffer immediate and irreparable injury (*i.e.*, the alleged unlawful sale of her property at foreclosure on January 2) before Defendants could be heard in opposition to the Emergency Motion, Plaintiff has made no effort to comply with Rule 65(b)(1)'s second requirement. She has neither detailed any efforts she made to give Defendants notice of the Emergency Motion nor explained why such notice should not be required. The Emergency Motion is denied on this basis alone. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (cleaned up) ("Although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Madgett v. Citigroup*, 2011 WL 6371885, at *2 (N.D. Ga. Nov. 9, 2011) (recommending dismissal of claims

challenging foreclosure and noting that the *pro se* plaintiffs "failed to satisfy the requirements of Rule 65.").

Furthermore, even if Plaintiff had satisfied Rule 65's requirements, she must also establish the substantial likelihood of success on the merits, that her alleged injury outweighs the damage an injunction might cause Defendants, and that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). She has made no such showing. To the contrary, at least five facts indicate that Plaintiff cannot succeed on the merits: (1) she suggests her property was already foreclosed on December 5, 2022;[10] (2) she concedes that she did not pay her mortgage and that any escrow credit due to her is essentially unwarranted;[11] (3) she has failed time and again to state a non-frivolous claim against either of Defendants in other cases, as discussed above; (4) she has not alleged any competent facts supporting her contentions, and (5) she fails to state a claim upon which relief can be granted, as discussed below. *See Taylor v. Wachovia Mortg. Corp.,* 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009) (quoting *Mickel v. Pickett*, 241 Ga. 528, 535 (1978)) (noting that "a borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or

---

10   ECF 4, at 1.

11   *Id.*

tenders to the lender the amount admittedly due"). Thus, the Emergency Motion is denied.

### B. Plaintiff's Complaint Is Dismissed as Frivolous.

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial

disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . [a] statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 680–85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

The Complaint, read generously to incorporate the Emergency Motion, appears to assert the following causes of action: violations of the Fair Credit Reporting Act (FCRA), Truth in Lending Act (TILA), and Real Estate Settlement Procedures Act (RESPA); wrongful foreclosure; and fraud. As relief, Plaintiff apparently seeks only to enjoin the sale of the Yosemite Park Lane property at foreclosure. However, as discussed below, the claims in Plaintiff's Complaint and

the Emergency Motion boil down to nothing "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

### 1. FCRA

As to Plaintiff's first group of claims arising under the FCRA, Plaintiff does not allege any facts suggesting the basis for her claim beyond her staunch belief that "multiple violations of [the] Fair Credit Reporting Act" have occurred.[12] Considering the allegations in the Complaint—namely, that Plaintiff's credit report incorrectly reflected that she had made timely payments on her mortgage loan that she concededly did not make—the Court can only assume that Plaintiff believes that either of or both Defendants submitted inaccurate information to credit reporting agencies. However, "violations" of this kind (*i.e.*, the submission of inaccurate information) do not create a private right of action. *Steed v. EverHome Mortg. Co.*, 308 Fed. App'x 364, 369–70 (11th Cir. Jan. 21, 2009) (holding no private right of action for submission of inaccurate information; and that a plaintiff must "allege and establish" that she notified the reporting agency of the dispute and that the reporting agency notified the defendant). Because Plaintiff cannot pursue

---

[12]   ECF 5, at 2.

a FCRA claim simply because Defendant might have furnished inaccurate (albeit seemingly beneficial) information to the credit agencies and she has not alleged that she disputed any inaccurate information contained in her credit reports, let alone that Defendants received notice of such a dispute, Plaintiff fails to state a claim under the FCRA.

### 2.     TILA

TILA requires lenders to make numerous disclosures regarding the terms of the loan and authorizes certain government agencies to enforce its terms. It also gives a borrower a number of private rights of action, including rescission in the face of foreclosure. 15 U.S.C. §§ 1607, 1635(i)(1), (f), 1638(b)(1), (2). Specifically, TILA permits a borrower whose loan is secured by a "principal dwelling" to rescind the loan transaction entirely within three days of the consummation of the transaction or the delivery of the information and rescission forms containing the required material disclosures, whichever is later. 15 U.S.C. § 1635(a). If a lender fails to deliver the appropriate forms and disclosures, the borrower's right of rescission expires three years after the consummation of the transaction or upon sale of the property, whichever comes first. *Id.* § 1635(f). This three-year limitation also applies in the case of foreclosure. *Id.*

Though this case has been litigated since 2017 and there is no allegation in the Complaint that this instant attempt to challenge the foreclosure of the Yosemite Lane Property is not barred by TILA's three-year limitation period, the Court need not decide whether Plaintiff's attempt is timely. Here, there is no dispute that Plaintiff was not a party to any transfer of Sun Trust's interest in her mortgage loan to either of or both Defendants. To the extent that such a transfer occurred, Plaintiff does not allege that the terms of her mortgage precluded the sale of her loan from one lender to another or the transfer of loan servicing rights from one servicer to another. Plaintiff also does not allege that she contracted to modify her mortgage loan. She instead alleges that she never received requested information about a potential loan modification tied to the COVID-19 pandemic. Thus, it appears from the face of the Complaint that Plaintiff was neither a party to any contract that sold her mortgage loan or transferred the mortgage loan servicing rights from one institution to another, nor did she contract to modify her loan obligations.

In general, "the remedy of rescission is available only between parties who are in privity of contract." John K. Larkins, Jr., GEORGIA CONTRACTS: LAW AND LITIGATION § 12:13 (2d ed. 2020); *Greenwald v. Odom*, 314 Ga. App. 46, 57 (2012). "This follows from the principle that to effect a complete rescission, all the parties

must be returned as nearly as possible to the *status quo ante*," a result that is not possible when Sun Trust is not party to this suit and Plaintiff is not among the contracting parties to any contract implicated by her TILA allegations.[13] *Greenwald*, 314 Ga. App. at 57 (cleaned up). For the same reason, to the extent Plaintiff's theory of recission is premised on fraud, Plaintiff cannot have been "the party defrauded" because she is not a party to any transfer or Sun Trust's interest in her mortgage and she does not allege her loan was modified. So, Plaintiff does not have standing to assert a claim for recission under TILA, and her claim is therefore frivolous.

### 3. RESPA

Plaintiff references RESPA in her motion for injunctive relief. RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquiries. 12 U.S.C. § 2605. Here, Plaintiff does not allege in the Complaint that her mortgage loan was federally related, but she mentions the Department of Veterans Affairs in her motion for injunctive relief. Accordingly, the Court assumes that Plaintiff obtained her mortgage loan through the Department of Veterans Affairs and that it qualifies as a RESPA-covered loan. However, Plaintiff fails to provide

---

[13]   ECF 5, at 2 ("[T]here is no contract with my name on it.").

any details regarding how either or both Defendants violated RESPA, much less under which of RESPA's many provisions the Complaint travels.

In her motion, Plaintiff argues over and again that "Chase Bank and Bank of America have never notified [her] of a sale within 15 days of [the] *sale transaction*, which is required in the state of Georgia."[14] Relevant to this case, RESPA requires notification in writing "of any assignment, sale, or *transfer of the servicing of the loan* to any other person." *Id.* § 2605(b)(1) (emphasis added). Such notice must be given within fifteen days of the transfer. *Id.* § 2605(c)(2)(A). RESPA does not require notice when the underlying note or mortgage is transferred. *See generally id.* § 2605; *Lattimore v. Wells Fargo Bank, N.A.*, 590 F. App'x 912, 914 (11th Cir. 2014).

With this in mind, it appears that Plaintiff has erred in one of two ways. Either she conflated RESPA's 15-day notice requirement that a borrower receive notice of the transfer of the servicing of her loan with Georgia's requirement that a lender notify a borrower no later than 30 days before a scheduled foreclosure sale, O.C.G.A. § 44-14-162.2; or the "sale transaction" to which she refers is not the foreclosure sale of the Yosemite Park Lane property, but rather the sale of her

---

[14]   *Id.* (emphasis added).

mortgage note from one lender to either of the Defendants. Neither is grounds for a private right of action under RESPA. Therefore, the claim is frivolous.

Further, to the extent that Plaintiff attempts to state a RESPA "fraudulent transfer" claim against one of or both Defendants, her allegations are conclusory and insufficiently specific. It is impossible to tell which Defendant is allegedly responsible for the RESPA violation. Indeed, this problem pervades Plaintiff's Complaint and the Emergency Motion and applies to all of the claims she asserts. In this way, the Complaint is an impermissible shotgun pleading, and is due to be dismissed on this ground as well. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted) (A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

### 4. Wrongful Foreclosure

Assuming the foreclosure sale has not yet taken place, which is unclear from the Complaint's face, Plaintiff's wrongful foreclosure claim fails because she does

not have standing to contest the validity of the assignment of her loan from Sun Trust to either of or both Defendants and she has not tendered the amount due on her loan.

Under Georgia law, a borrower does not have standing to contest the validity of an assignment of a security deed to which he or she is not a party. *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 739 (2016) (holding that debtors cannot dispute assignments to which they were not a party); *see also Coast v. Bank of N. Y. Mellon Tr. (N.Y.BMT), N.A.*, 2013 WL 5945085, at *4 (N.D. Ga. Nov. 6, 2013) ("To the extent Plaintiffs argue that the Assignment is defective or fraudulent, Plaintiffs were not parties to the Assignment and therefore they do not have standing to challenge its validity."). As explained by the Georgia Supreme Court:

> If the [borrowers] believe that the assignment of their security deed to [assignee] was invalid and that [assignee] is therefore subverting the FDIC's discretion to decide whether to foreclose, then the [borrowers] should alert the FDIC to that concern so that the FDIC may intercede to assert any rights it believes it has. In a situation where, for example, the entity attempting to foreclose has no legitimate claim to the security deed, such as where the alleged assignment was fraudulent, calling the foreclosure to the attention of the true deed holder would be expected to lead to remedial action by the true holder. But there is no evidence in this case that the FDIC has any concern about the assignment to [assignee], and the [borrowers] cannot manufacture

> standing for themselves by asserting a claim that the party with standing has not asserted.

*Ames*, 298 Ga. at 740. Thus, to the extent Plaintiff believes the assignment was invalid, her proper recourse is to raise the issue with the FDIC.

Further, "[u]nder Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." *Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 892 (11th Cir. 2013) (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 849 (2003)); *see also Coast*, 2013 WL 5945084, at *5 (citations omitted) ("Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure."). As Plaintiff conceded that she did not make payments on her mortgage loan, her request for equitable relief under a theory of wrongful foreclosure is frivolous.

### 5. Fraud

Plaintiff generically alleges in her motion one of or both Defendants engaged in fraud and forgery.[15] It is unclear from the face of her Complaint or the

---

[15] ECF 5, at 2. To the extent Plaintiff's generic allegation of "forgery" addresses any "robo-signing" of an assignment of Suntrust's interest in her mortgage loan, such allegations that an assignment is invalid because it was signed by a robo-signer "have been repeatedly rejected by the Eleventh Circuit and this

motion what facts support these claims. However, Plaintiff has failed to satisfy the pleading requirements for fraud claims and therefore fails to state a claim for fraud.

Under Georgia law, a plaintiff must demonstrate "(1) a false representation by the defendant, (2) the defendant's knowledge that the information is false (scienter), (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1288 (11th Cir. 2007) (citing *Avery v. Chrysler Motors Corp.*, 214 Ga. App. 602, 604 (1994)). Plaintiff fails to identify—in the Complaint or the motion—any false representation either Defendant made to her, let alone that such representation was made with the intent to induce her to act (or refrain from acting) *or* that she justifiably relied on that representation to her detriment. To the extent that Plaintiff alleges that Sun Trust represented that it would not transfer its interest in her loan to another entity, which is not at all clear from the record, Sun Trust is not named as a defendant. To the extent that Plaintiff

---

Court." *Coast*, 2013 WL 5945085, at *4 (collecting cases); *see also Wilson v. JP Morgan Chase Bank, N.A.*, 2012 WL 603595, at *4 (N.D. Ga. Feb 24, 2012) (holding that robo-signing allegations are insufficient to state a cause of action in Georgia). At any rate, the record is devoid of any explanation as to what the alleged forgery is.

alleges Defendants' lawyers impersonated her or contacted her and made false representations amounting to fraud, they are not named as defendants.

Moreover, Rule 9 of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud be pleaded with particularity. Fed. R. Civ. P. 9(b). Plaintiff fails to plead the facts underpinning her fraud claim with particularity and therefore fails to state a claim.

### III.   CONCLUSION

Plaintiff's Emergency Motion [ECF 5] is **DENIED** and the Complaint is **DISMISSED**.

Within 21 days of entry of this Order, Plaintiff may amend her Complaint. If she does so, Plaintiff is **DIRECTED** to indicate whether the foreclosure sale of the property at Yosemite Park Lane has occurred, attach the record of the Gwinnett County case she referenced in the Complaint, and provide the case number associated with the Gwinnett County case so that the Court can determine whether relief is available to her in that forum and if her claims are barred by *res judicata*. Failure to comply with this Order will result in dismissal of the case. Given Plaintiff's history as a frequent frivolous filer, Plaintiff is **ADVISED** that her access to the Court may be restricted if she continues to attempt to relitigate decided issues in this case. *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986); *see*

*also Sec. & Exch. Comm'n v. Imperato*, 2020 WL 5264515, at *1 (S.D. Fla. June 30, 2020) ("The inherent authority of a district court includes the power to protect itself against abuses by *pro se* litigants.").

The case is **REFERRED** to the Honorable United States Magistrate Judge John K. Larkins, III for further proceedings according to this Order. The Clerk is **DIRECTED** to resubmit this case to Judge Larkins at the expiration of 21 days after entry of this Order.

**SO ORDERED** this 3rd day of January, 2023.

                                                Steven D. Grimberg
                                    United States District Court Judge